IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY LINDENBAUM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 11-264 |
| NCO FINANCIAL SYSTEMS, INC. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                    July 18, 2011

Plaintiff Kimberly Lindenbaum moves for an award of $5,216.50 in attorney's fees and costs following her acceptance of an Offer of Judgment in this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. The offer was in the principal sum of $1,250 plus attorney's fees to be determined and costs. For the following reasons, $4,066.50 will be awarded.

On January 14, 2011, plaintiff Kimberly Lindenbaum commenced this action against defendant NCO Financial Services, Inc. On March 25, 2011, defendant served a written offer of judgment on plaintiff's counsel under Rule 68 of the Federal Rules of Civil Procedure. Pertinently, the Offer states:

> The Judgment entered shall include an additional amount for plaintiff's reasonable costs and attorney's fees accrued through the date of this Offer of Judgment either 1) as agreed to by counsel for the parties; or 2) in the event counsel cannot agree, as determined by the Court upon application by plaintiff's counsel.

Offer of Judgment, Exhibit "A" to plaintiff's motion. On April 11, 2011, plaintiff filed her acceptance of defendant's offer.

Defendant's objection is that plaintiff's request includes 3.5 hours of work performed after "the date of [the] Offer of Judgment." According to defendant, the date of service is

the Offer's operative date. Plaintiff disagrees: 1) it is the date of acceptance, and 2) the lack of a specific date in the Offer results in an ambiguity that must be construed against defendant as the drafter of the document.

"It is a 'long-standing principle of contract law that, absent parole evidence as to the meaning of an ambiguous term, ambiguous terms of a contract are construed against the drafter of the contract.'" Rivera v. NCO Financial Systems, Inc., Civ. A. No. 11-402, at n.2 (E.D. Pa., filed May 2, 2011) (Rufe, J.), quoting Minnick v. Dollar Fin. Group, Inc., 2002 WL 1023101, at *3 (E.D. Pa. May 20, 2002) (finding, on virtually identical facts, that date of filing was the "date of the Offer of Judgment" for purposes of calculating attorney's fees). Accordingly, in this case, it is held that plaintiff may recover for work done through the date of filing of the acceptance of the Offer of Judgment, April 11, 2011. The fee request will be reduced by $1,150, the amount billed after that date.

Concerning whether plaintiff's counsel's billing rates are reasonable, and whether the charges include duplicative or administrative tasks, the reasonableness of the time expended and the hourly rates charged must be considered. Hensley v. Eckhart, 461 U.S. 424, 433 (1983); Graziano v. Harrison, 950 F.2d 107, 114 (3d Cir. 1991); Bell v. United Princeton Prop., Inc., 884 F.2d 713, 721 (3d Cir. 1989).

Time expended: Plaintiff's counsel submitted a detailed billing statement that prior to April 11, 2011, a partner spent 5.2 hours at the billable rate of $425 per hour; two associates, 3.6 hours, at $300 per hour each; two legal assistants, 2.6 hours, at rates of $155 and $165 per hour; a legal assistant with a billing rate of $85 per hour, one-tenth of one hour.

Exhibit "B" to plaintiff's motion. The time spent appears to have been necessary and non-duplicative, encompassing investigation of the case, preparation of the complaint, and successful settlement negotiations.

As to the reasonableness of the fee: the "Consumer Law Attorney Fee Survey," Exhibit "E" to the motion, and the United States Attorney's Office, Civil Division's "Laffey Matrix", at page 25 of plaintiff's memorandum, show reasonable market rates in this area for attorneys and paralegals at various levels of experience. Based on this evidence, together with counsel's certification of the level of experience in his firm, the fees charged appear to be reasonable. See, e.g., Davis v. Riddle & Assoc., Civ. A. No. 07-284 (E.D. Pa. July 24, 2008) (approving billable rate of $495 for lead partner with similar experience in FDCPA case).

Because both the time expended and the rates charged appear to be reasonable, and there is no evidence to the contrary, plaintiff is awarded the fees requested to the filing of the Offer of Judgment plus costs, and the balance is disallowed.

        BY THE COURT:

         /s/   Edmund V. Ludwig
        Edmund V. Ludwig, J.